UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                )
                                      )    Chapter 13
Alfred L. McLaughlin,                 )    Case No. 09-44714-JBR
                                      )
Debtor                                )
_____)

**MEMORANDUM OF DECISION ON
MOTION TO AVOID LIEN (#10) AND OBJECTION TO EXEMPTION (#85)**

On March 16, 2010, the Court held a nonevidentiary hearing on the Debtor's Motion to Avoid Judicial Liens (#10) and creditor Eric Silva's Objection to Homestead Exemption (#85). Both motions hinge on the validity of a Massachusetts homestead exemption claimed by the Debtor in his former home. Silva and other creditors held judicial liens in the property arising from improvements they performed on the property prepetition. After the Debtor filed for bankruptcy, the property was sold free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. §362(f), and so the practical effect of this decision will be to determine whether the judicial liens will translate into interests in the proceeds of that sale.

The basis for Silva's objection to exemption, as stated in his motion and amplified at hearing, is that the exemption is claimed in bad faith. Silva alleges that at the time the Debtor recorded the homestead, he intended to sell the property soon thereafter and schemed to have the improvements completed without paying for them. According to Silva, this lack of good faith constitutes adequate grounds to deny the debtor his homestead exemption.

Even if all the facts stated by Silva were taken as true and all plausible inferences were drawn in Silva's favor, no adequate legal basis would exist to deny the Debtor his exemption. As Silva concedes in his motion, chapter 188, section 1 of the Massachusetts General Laws merely requires that a homestead claimant "occupy or intend to occupy said home as a principal residence." The homestead is valid under Massachusetts law, as it is undisputed that the Debtor occupied the property as his principal

1

residence at the time he claimed the homestead.

Furthermore, aside from the most indefinite allegations of "bad faith," Silva has failed to assert any legal theory that would prevent section 522(b)(2) of the bankruptcy code from giving effect to the Debtor's Massachusetts exemption. The two cases cited by the debtor at hearing, *In re Orlando*, 359 B.R. 395 (Bankr. D. Mass. 2007) and *In re Kravitz*, 225 B.R. 515 (Bankr. D. Mass. 1998), are inapposite. *Orlando* applied a "bad faith" standard in passing on a debtor's homestead exemption, but that was in the context of an amendment to schedules seeking to add an exemption, where such an inquiry is customary. *See In re Wood*, 291 B.R. 219, 228-29 (1st Cir. BAP 2003). *Kravitz* involved the much more serious situation of fraud perpetrated by the debtor, which is not alleged here. Moreover, the persuasive value of *Kravitz* is limited, considering that it was based on Florida common law and decided prior to *Patriot Portfolio v. Weinstein* (*In re Weinstein*), 164 B.R. 677 (1st Cir. 1999) and the 2005 adoption of section 522(o) of the bankruptcy code.

The Court finds that the Debtor may make use of his Massachusetts homestead exemption. There is no need to rule on the timeliness of Silva's objection, as the Debtor's counsel stated that the Debtor was not relying on the alleged late objection.

In accordance with the foregoing, Silva's objection to exemption is OVERRULED. A separate order will issue.

Dated: March 18, 2010                                                      By the Court,

                                                                           /s/ Joel B. Rosenthal
                                                                           _____
                                                                           Joel B. Rosenthal
                                                                           U.S. Bankruptcy Judge